# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**February 3, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**ELMER STEWART,**
**Respondent Below, Petitioner**

**v.)  No. 25-ICA-325**         (Fam. Ct. Mingo Cnty. Case No. FC-30-2016-D-85)

**KRISTA GANNON,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Elmer Stewart appeals the Family Court of Mingo County's June 30, 2025, final order finding him in contempt for failing to pay the monthly mortgage payments on the former marital home pursuant to a prior agreement.[1] Respondent Krista Gannon did not participate in this appeal.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The parties were divorced by a final divorce order on April 14, 2016. Incorporated into paragraph seventeen of that order was the following agreement between the parties:

> That [Ms. Gannon] shall be awarded ownership, title and possession of the former marital residence with contents, and [Mr. Stewart] agrees to be responsible for any indebtedness associated with said property so long as [Ms. Gannon] and infant child reside in the marital residence alone.[3] In the event that [Ms. Gannon] remarries or has someone else move in, she shall be

---

[1] Mr. Stewart is self-represented.

[2] We recognize our limited and circumspect review of a family court order in an uncontested appeal, like this one, where the respondent fails to participate on appeal to support the order.

[3] The parties' child was born in 2007 and was eighteen years of age when the order on appeal was filed.

1

responsible for any indebtedness associated with said property. [Mr. Stewart] waives any interest in said property.

On February 27, 2025, Ms. Gannon filed a petition for contempt alleging that Mr. Stewart failed to pay his monthly mortgage obligation. On April 29, 2025, the family court conducted a final evidentiary hearing on Ms. Gannon's petition. By final order entered June 30, 2025, the family court found that Ms. Gannon and the parties' child had lived in the former marital home since the April 14, 2016, final divorce order was entered. The court further found that Ms. Gannon has never remarried and had not permitted anyone else to reside in the home. The family court's order found that Mr. Stewart "adamantly and repeatedly testified that he was not going to pay the court-ordered mortgage payments" although he "understands that he is required to do so pursuant to his previous agreement." The court went on to find that Mr. Stewart had been previously held in contempt, both in 2021 and 2022, for failing to pay his mortgage obligation.

The family court went on to explain that Ms. Gannon, in an attempt to avoid foreclosure due to Mr. Stewart's failure to pay the mortgage, opted to temporarily reduce the mortgage payments from $618.00 to $248.44 through the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which provided mortgage payment forbearance options in the form of either a temporary postponement or temporary reduction of mortgage payments during the COVID pandemic. The family court found that Mr. Stewart's income was in excess of $100,000 "each year for three years including the year 2023" but that he quit working for that employer, "offered no objectively reasonable explanation for terminating said employment[,]" and presently earned $17 per hour. The court specifically found that Mr. Stewart was not credible and stated that this finding was based on Mr. Stewart's body language, facial expressions, and tone of voice due to the context of the evidence in the record and other testimony.

The family court determined that the mortgage was in arrears although the payment was presently set at the reduced amount of $248.44 by the CARES Act and that foreclosure was imminent due to Mr. Stewart's repeated refusal to timely pay the mortgage. The court explained that Mr. Stewart had the present ability to comply with the April 14, 2016, divorce order and that his nonpayment was "not merely a failure, but a defiant and repeated, refusal to do so." As such, the family court found Mr. Stewart in willful contempt of the April 14, 2016, final divorce order and ordered that if Mr. Stewart had not paid the past due mortgage in full by 12:00 p.m. on Monday, July 21, 2025, then he would be incarcerated for a period of thirty days. It is from this June 30, 2025, final order that Mr. Stewart now appeals.

When reviewing the order of a family court, we apply the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Mr. Stewart raises five assignments of error that involve a single issue. Therefore, they will be consolidated, and the issue will be discussed below. *See generally Tudor's Biscuit World of Am. v. Critchley,* 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating that "the assignments of error will be consolidated and discussed accordingly").[4]

Mr. Stewart argues that the family court erred by finding him in contempt because he should no longer be required to pay the mortgage payments on his former marital home since the parties' child is eighteen and attends college. In support of his argument, Mr. Stewart asserts that his agreement to pay the mortgage was a form of "child-related support" as it was solely for the child's stability. He asks this Court to modify the April 14, 2016, final divorce order by determining that his "child-related support" mortgage agreement "has been fulfilled" and is now inapplicable due to the child no longer primarily residing at the former marital residence since his college enrollment. We are unpersuaded by this argument for the reasons set forth below.

First, we note that "[o]nce a competent party makes a settlement and acts affirmatively to enter into such settlement, his second thoughts at a later time as to the wisdom of the settlement does not constitute good cause for setting it aside." *Moreland v. Suttmiller*, 183 W. Va. 621, 625, 397 S.E.2d 910, 914 (1990). In *Deitz v. Deitz,* 222 W. Va. 46, 54, 659 S.E.2d 331, 339 (2008), the Supreme Court of Appeals of West Virginia has acknowledged that "[a]n integral part of the family court's authority to enter final orders of divorce is its corresponding power to enforce those orders through contempt proceedings." Further, the family court's enforcement of such orders is within its discretion. *See Mark V.H. v. Dolores J.M.*, 232 W. Va. 378, 387, 752 S.E.2d 409, 418

---

[4] The Court notes that Mr. Stewart's brief contains no argument section and fails to include any citation to legal authority or citation to the record below in accordance with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure.

(2013) (per curiam); *see also Joshua T. v. Angela M.*, No. 22-ICA-221, 2023 WL 2366493, at *2 (W. Va. Ct. App. Mar. 6, 2023) (memorandum decision).

While Mr. Stewart argues that the mortgage agreement was a form of child support that is no longer applicable, the April 14, 2016, final divorce order contains no such provision. Rather, the final divorce order states Mr. Stewart's child support obligation was in the amount of $600 per month. Further, the parties' child was fourteen in 2021 and fifteen in 2022 when the family court previously held Mr. Stewart in contempt for failing to pay the mortgage, and Mr. Stewart stopped paying the mortgage prior to the child's eighteenth birthday and prior to the child starting college. As such, we find no merit in Mr. Stewart's argument that the mortgage payment was to support the stability of the child in the form of child support.

Additionally, Mr. Stewart had the opportunity to request relief from the mortgage agreement, including through an appeal of the April 14, 2016, final divorce order. However, the record reflects that he has not requested such relief. The fundamental due process requirement for proceedings seeking to modify or revise a final divorce order is that a pleading be pending and reasonable notice of a hearing upon the pleading be given to the party whose rights are sought to be affected. *See* Syl. Pt. 2, *Simpson v. Stanton,* 119 W. Va. 235, 193 S.E. 64 (1937). *See State ex rel. Chris Richard S. v. McCarty,* 200 W. Va. 346, 489 S.E.2d 503 (1997). *See* W. Va. Const. art. III, § 10. Therefore, we are unable to conclude that the family court abused its discretion or clearly erred by finding Mr. Stewart in contempt for failing to pay the monthly mortgage payment of the parties' former marital home pursuant to their agreement incorporated into the court's April 14, 2016, final divorce order.

Accordingly, we affirm the family court's June 30, 2025, final order.

Affirmed.

**ISSUED:** February 3, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

4